IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARRI AMBARTSOUMOV,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:12-cv-345

JUDGE MICHAEL H. WATSON
Magistrate Judge Kemp

REPORT AND RECOMMENDATION

    Petitioner, Garri Ambartsoumov, a prisoner at the Chillicothe Correctional Institution located in Chillicothe, Ohio, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The case is now before the Court on the petition, return of writ, traverse, and the exhibits of the parties. The parties agree that the petition is a "mixed" petition containing both exhausted and unexhausted claims. (Docket #1 at 24; Docket #8 at 19; Docket #9 at 2-4.) Accordingly, the question before the Court is whether to stay the petition and hold it in abeyance as petitioner contends or dismiss the petition as respondent contends. For the following reasons, it will be recommended that this action be dismissed without prejudice as unexhausted. Alternatively, petitioner may delete his unexhausted claim from the petition and proceed on his remaining exhausted claims.

## I.  PROCEDURAL HISTORY

    On July 11, 2008, petitioner and his state-court co-defendant were indicted in Franklin County, Ohio for felonious assault, and on March 24, 2009, petitioner and his state-court co-defendant were also indicted for attempted murder. The indictments stated that these charges against petitioner and his co-defendant arose out of an incident on May

1

17, 2008 in which two men, Tigran Safaryan and Arut Koulian, were knifed outside Hawa Russia, a Russian restaurant located on East Dublin-Granville Road. Petitioner entered a plea of not guilty as to both counts. A jury found petitioner guilty of felonious assault but could not reach a verdict on the attempted murder charge. On October 22, 2009, the trial judge sentenced petitioner to a prison term of eight years.

Petitioner filed a timely appeal of his conviction to the Tenth District Court of Appeals, and the Court of Appeals overruled the assignments of error and affirmed the judgment of the trial court. *See State v. Ambartsoumov*, 2010 WL 5385439 (Ohio Ct. App., Franklin Cty. Dec. 21, 2010). On February 2, 2011, petitioner, represented by new counsel, appealed to the Ohio Supreme Court. On April 20, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On March 17, 2011, petitioner filed an application to reopen his direct appeal pursuant to Rule 26(B) alleging ineffective assistance of appellate counsel, and on December 6, 2011, the Court of Appeals denied that application. On January 17, 2012, petitioner appealed that denial to the Ohio Supreme Court, and on March 21, 2012, the Ohio Supreme Court dismissed the appeal.

On April 18, 2012, petitioner moved in state court for leave to file a delayed motion for a new trial, alleging that he had discovered new evidence implicating two different assailants other than himself and his co-defendant and attaching affidavits from three witnesses naming the two different assailants. One of the three witnesses averred in his affidavit that the had lied to the police by telling them that he did not see anything because he was afraid of retaliation. The other two witnesses testified that they did not want to tell the police what they later wrote in their affidavits because they were afraid of retaliation.

Also on April 18, 2012, petitioner, through counsel, filed the instant federal Petition for Writ of Habeas Corpus, raising seven grounds of relief. At issue here is the seventh ground, which also raised the argument that there was new evidence but framed it as a claim for ineffective assistance of counsel: "Garri Ambartsoumov was denied effective assistance of counsel when his counsel failed to investigate and present testimonial evidence that Alex Nercessian cut Arut Khoulian's neck and Armen Stepanyan cut Tigran Safaryan's arm." (Docket #1 at 24 of 25.)

On April 30, 2012, respondent filed a memorandum in the state court action opposing the motion for a new trial, arguing that "most [of the witnesses] were interviewed by police and they were on the State's witness list." (Docket #8-2 at 261 of 292.) On May 9, 2012, petitioner replied and attached an affidavit of his trial attorney averring that the three witnesses whose affidavits were attached to the motion for a new trial had never told him that they were outside the restaurant when the incident occurred or that they believed there were different assailants, and that the first time he heard that information was from petitioner's new counsel in 2012. (Docket #8-2 at 272 of 292.)

In the federal action before this Court, on July 19, 2012, respondent filed a "motion to dismiss," which was functionally a return of writ.

In the state action, on August 10, 2012, petitioner amended his motion for leave to file a motion for new trial by adding an express claim that his former trial counsel rendered ineffective assistance of counsel in failing to investigate exculpatory witnesses purportedly known to counsel. Three days later, petitioner responded to respondent's motion to dismiss / return of writ.

On September 12, 2012, in the state action, the court of common pleas denied petitioner's amended motion and his motion for leave to file a motion for a new trial as untimely. On October 10, 2012, petitioner appealed that decision to the Tenth District

3

Court of Appeals. That appeal is still pending.

## II. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *See, e.g., Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979).

Here, both parties agree that petitioner has not exhausted his seventh ground for relief involving allegations of ineffective assistance of trial counsel. (Docket #1 at 24; Docket #8 at 19; Docket #9 at 2.) Petitioner argues that he presented his seventh ground for relief in his amended motion for leave to file a motion for a new trial. The court of common pleas denied that amended motion (along with the original motion) as untimely. Petitioner has appealed that denial, and the appeal is pending. In this federal action, petitioner has requested a stay of proceedings so that he may complete the exhaustion of this claim.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan*, supra, at 180, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed

> to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See Lundy, 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See id., at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Id.* at 277-78.

Petitioner bears the burden of demonstrating "that he had good cause for failing to exhaust his claims in state court, that his unexhausted claims were not plainly without

5

merit, and that he had not engaged in abusive litigation tactics or intentional delay." *Sueing v. Palmer*, 09-1671, 2012 WL 5290284, *3 (6th Cir. Oct. 26, 2012) (citing *Rhines*, 544 U.S. at 277–78).

Here the court of common pleas has determined that petitioner's efforts to exhaust his seventh claim for relief were untimely.  Also, the court of common pleas considered whether petitioner's claim for ineffective assistance of counsel would have had merit if it had been asserted timely, and it determined that there was no colorable showing of a *Strickland* violation.  Furthermore, the only argument that petitioner makes here to show ineffective assistance of counsel is to point to the statement of respondent that the "new" witnesses were known to the defense, most were interviewed by police, and they were on the State's witness list.  (Doc. #9 at 6-7 (citing Doc. #8-2).)  However, petitioner has not demonstrated that his trial counsel failed to interview these witnesses.  The affidavit of petitioner's trial counsel merely says that the witnesses did not tell him what they wrote in their affidavits.  The affidavits themselves indicate the witnesses' initial unwillingness to share what they later wrote in their affidavits because they were afraid of retaliation. In fact, one averred that he lied to the police and told them he did not see anything because he was afraid of retaliation.  For these reasons, the record does not indicate that the seventh claim for relief is potentially meritorious.  *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (holding that claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising his unexhausted claims in the state courts).  Accordingly, it is not proper to stay and abey the proceedings while petitioner completes his appeal.

### III.  RECOMMENDED DISPOSITION

Therefore, the Magistrate Judge RECOMMENDS that this action be DISMISSED without prejudice as unexhausted.  Alternatively, petitioner may, within 21 days,

delete his unexhausted claim from the petition and proceed on his remaining exhausted claims.  *See Brown v. Voorhies*, 2008 WL 686972 (S.D. Ohio March 10, 2008).

### IV.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge